I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY FIRST CLASS MAIL, POSTAGE PREPAID, TO ALL COUNSEL (OR PARTIES) AT THEIR RESPECTIVE MOST RECENT ADDRESS OF RECORD IN THIS ACTION ON THIS DATE.

DATED: Jan. 26, 2009

DEPUTY CLERK

FILED
CLERK, U.S. DISTRICT COURT
JAN 2 6 2009
CENTRAL DISTRICT OF CALIFORNIA
BY           DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| ALBERTO FLORES,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>WARDEN M.S. EVANS,<br><br>　　　　Respondent. | Case No. SACV 08-01462 SGL (AN)<br><br>**ORDER TO SHOW CAUSE RE DISMISSAL OF PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY AS TIME-BARRED** |

## I. BACKGROUND

Before the Court is a First Amended Petition for a writ of habeas corpus ("FAP") brought by Alberto Flores ("Petitioner"), a state prisoner proceeding *pro se*. The FAP is brought pursuant to 28 U.S.C. § 2254 and it raises eleven claims directed at Petitioner's 2002 conviction and related sentence of life without the possibility of parole that he sustained following a jury trial in the California Superior Court for the County of Orange (case no. 00NF1662). (FAP at 2.) For the reasons set forth below, Petitioner is ordered to show cause why his FAP should not be dismissed with prejudice because it is time-barred.

///

## II. DISCUSSION

### A. Standard of Review

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, states that "the judge to whom [the petition] is assigned" is required to examine the petition promptly and "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." Local Rule 72-3.2 of this Court also provides "[t]he Magistrate Judge promptly shall examine a petition for writ of habeas corpus, and if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief, the Magistrate Judge may prepare a proposed order for summary dismissal and submit it and a proposed judgment to the District Judge." C.D. Cal. R. 72-3.2. Further, an untimely habeas petition may be dismissed *sua sponte*, however, the district court must give the petitioner adequate notice and an opportunity to respond before doing so. *Day v. McDonough*, 547 U.S. 198, 209-10, 126 S. Ct. 1675 (2006); *Herbst v. Cook*, 260 F.3d 1039, 1043 (9th Cir. 2001).

### B. Statute of Limitations

The FAP is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which establishes a one-year statute of limitations for state prisoners to file a habeas petition in federal court, because the FAP was filed after April 24, 1996, AEDPA's enactment date. 28 U.S.C. § 2244(d)(1); *see Lindh v. Murphy*, 521 U.S. 320, 327-37, 117 S. Ct. 2059 (1997). In most cases, the limitation period begins to run from "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

The face of the FAP, accompanying Memorandum of Points and Authorities

("Memorandum"), and relevant state court records[1] show Petitioner sustained his underlying conviction on March 27, 2002, and was sentenced on July 7, 2002. (FAP at 2.) The FAP and relevant state court records also establish that the California Supreme Court (case no. S125485) denied his petition for review on July 14, 2004, and that Petitioner never filed a petition for certiorari with the United States Supreme Court. (FAP at 3; Official records of California courts.) Therefore, for purposes of AEDPA's limitation period, his judgment became final on October 12, 2004, which is the ninetieth day after his petition for review was denied by the California Supreme Court and the time for Petitioner to file a petition for certiorari with the Supreme Court expired. *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999). The limitation period then started to run the next day, October 13, 2004, and ended a year later on October 12, 2005. 28 U.S.C. § 2244(d)(1)(A); *see also Patterson v. Stewart*, 251 F.3d 1243, 1245-47 (9th Cir. 2001) (the limitations period begins to run on the day after the triggering event pursuant to Fed. R. Civ. P. 6(a)). Petitioner did not sign, date, and constructively file his first petition in this matter until December 18, 2008[2] -- 1,159

---

[1] The Court takes judicial notice of Petitioner's records in the state superior court and appellate courts, which are available on the Internet at http://www.occourts.org and http://appellatecases.courtinfo.ca.gov. *See Smith v. Duncan*, 297 F.3d 809, 815 (9th Cir. 2002) (federal courts may take judicial notice of relevant state court records in federal habeas proceedings).

[2] Pursuant to the "mailbox rule," a *pro se* prisoner's habeas petition is deemed to be filed on the date the prisoner delivers the petition to prison authorities for mailing to the clerk. *Houston v. Lack*, 487 U.S. 266, 270-71, 108 S. Ct. 2379 (1988); *Huizar v. Carey*, 273 F.3d 1220, 1222 (9th Cir. 2001). The mailbox rule also applies to *pro se* state habeas petitions. *Stillman v. Lamarque*, 319 F.3d 1199, 1201 (9th Cir. 2003). On December 18, 2008, Petitioner delivered two separate petitions to the prison mailroom that were similar but not identical. Petitioner signed both petitions but did not date either of them. However, the first petition received and filed by the Clerk's Office had an attached declaration in support of his request to proceed *in forma pauperis* ("IFP") that he signed and dated December 18, 2008. The FAP was
(continued...)

days (over three years) after the expiration of the limitations period.

Accordingly, absent some basis for tolling or an alternative start date to AEDPA's limitations period under 28 U.S.C. § 2244(d)(1), the pending FAP is time-barred.

## C. Statutory Tolling

### 1. State Habeas Petitions

AEDPA provides a statutory tolling provision that suspends the limitation period for the time during which a "properly-filed" application for post-conviction or other collateral review is "pending" in state court. 28 U.S.C. § 2244(d)(2); *Waldrip v. Hall*, 548 F.3d 729, 734 (9th Cir. 2008); *Bonner v. Carey*, 425 F.3d 1145, 1148 (9th Cir. 2005). In the absence of undue delay, an application for post-conviction review is pending while a California petitioner completes "one full round" of collateral review in state court free of federal interference. *Carey v. Saffold*, 536 U.S. 214, 220-22, 122 S. Ct. 2134 (2002); *Welch v. Carey*, 350 F.3d 1079, 1082 (9th Cir. 2003); *Delhomme v. Ramirez*, 340 F.3d 817, 819 (9th Cir. 2003). The time an application is pending during this round, when reasonable, includes the "intervals between a lower court decision and a filing of a new petition in a higher court." *Saffold*, 536 U.S. at 221, 223; *Evans v. Chavis*, 546 U.S. 189, 192, 126 S. Ct. 846 (2006) (*citing Saffold*). Further, the limitation period is not tolled between the time a final decision is issued on direct state appeal and the time a state collateral challenge is filed because there is no case "pending" during that interval. *Thorson v. Palmer*, 479 F.3d 643, 646 (9th Cir. 2007); *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999).

On January 24, 2005 -- 103 days after the one-year limitation period started to

---

[2/] (...continued) received on December 26, 2008, and filed on December 31, 2008. For purposes of the timeliness analysis, the Court gives Petitioner the benefit of the doubt by assuming he constructively filed the first petition on December 18, 2008, the date he signed and dated his attached IFP declaration. (Pet. at 34.)

run on October 13, 2004 -- Petitioner filed his first relevant[3/] state habeas petition with the California Supreme Court, leaving 262 days remaining before the limitation period expired. Under AEDPA, Petitioner is not entitled to statutory tolling for this 103-day period because there was no case "pending" during this interval. *See Thorson*, 479 F.3d at 646; *Nino*, 183 F.3d at 1006.

Petitioner is entitled to statutory tolling from January 24, 2005, to December 14, 2005, the 324-day period during which his first relevant habeas petition was pending and later denied in the state high court. 28 U.S.C. § 2244(d)(2); *Bonner*, 425 F.3d at 1148. Petitioner then filed seven additional state habeas petitions.[4/] He is not entitled to statutory tolling for the periods during which these petitions were pending because they were filed after the California Supreme Court's denial of his habeas petition became final, and, therefore, constitute subsequent rounds of review. *Saffold*, 536 U.S. at 220, 223; *see also Delhomme*, 340 F.3d at 820-21 ("A round of collateral review may begin at any level or even skip levels . . . [but] is not complete . . . until the California Supreme Court's denial of review is final"); *Welch v. Newland*, 267

---

[3/] Petitioner's first state habeas petition in the superior court (case no. M-10307) that was denied on October 12, 2004, has no separate tolling consequences because it was filed *before* his judgment of conviction became final. 28 U.S.C. § 2244(d)(1)(A) (AEDPA's limitations period begins to run from "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review.")

[4/] *See Flores, Alberto*, No. M-10573, Cal. Super. Ct. (denied July 5, 2005); *Flores, Alberto*, No. M-10604, Cal. Super. Ct. (denied July 15, 2005); *Flores v. Super. Ct. of Cal.*, No. G035915, Cal. App. Ct., 4th Dist./Div. 3 (filed Aug. 12, 2005, denied Aug. 18, 2005); *Flores v. Orange County Super. Ct. et al.*, No. G035930, Cal. App. Ct., 4th Dist./Div.3 (filed Aug. 16, 2005, denied Aug. 18, 2005); *Flores (Alberto) on H.C.*, No. S137704, Cal. Supreme Ct. (filed Oct. 3, 2005, denied Aug. 2, 2006); *Flores v. Super. Ct. of Cal.*, No. G038543, Cal. App. Ct., 4th Dist./Div.3 (filed Apr. 24, 2007, denied May 10, 2007); *Flores (Alberto) on H.C.*, No. S164854, Cal. Supreme Ct. (filed July 3, 2008, denied Dec. 10, 2008). (FAP at 3-8; Official records of California courts.)

F.3d 1013, 1017-18 (9th Cir. 2001) ("By definition, an original petition does not require . . . that a petitioner pursue remedies at each level of review"). Here, Petitioner completed his "one full round" of collateral review when he skipped the two lower levels of review and filed directly with the state's highest court, thereby precluding tolling for the subsequent seven habeas petitions. *Id.*; *see also Biggs v. Duncan*, 339 F.3d 1045, 1048 (9th Cir. 2003) (a petitioner is not entitled to tolling during the gap between the completion of one full round of state collateral review and the commencement of another). Significantly, the tolling of Petitioner's first round of collateral review was not affected by Petitioner's filing overlapping petitions during the pendency of that first round. *Delhomme*, 340 F.3d at 820 ("The period that an application for post-conviction review is pending is not affected or "untolled" merely because a petitioner files additional or overlapping petitions before it is complete.") Specifically, Petitioner's overlapping habeas petitions (case nos. M-10573, M-10604, G035915, G035930, S137704), which were filed while his first round of review was pending in the California Supreme Court, have no separate tolling consequences even though Petitioner started a new round while that first round was still pending. *Id.*

Based upon the foregoing, the Court finds the FAP is time-barred.

**2.     2006 Federal Proceedings[5]**

On September 22, 2006, Petitioner filed a federal habeas petition in the Southern District of California and, on October 17, 2006, this petition was transferred to this judicial district since it challenged the underlying conviction and sentence that Petitioner sustained in the California Superior Court for the County of Orange ("2006 Petition"). (Case No. SACV 06-00996 SGL (AN), dkt. #1.) Pursuant to the Court's duty to screen habeas petitions before service,[6] the Court found the 2006 Petition was

---

[5]     The Court takes judicial notice of its own records. Fed. R. Evid. 201.

[6]     *See* 28 U.S.C. § 2243, Rule 4 of the Rules Governing § 2254 Cases, 28
(continued...)

subject to summary dismissal because all eleven claims were either unexhausted or lacked merit. (1/18/07 Order, dkt. #8.) Accordingly, the petition was dismissed without prejudice as to the unexhausted claims and dismissed with prejudice as to the sole exhausted claim because it lacked merit. (01/18/07 Judgment, dkt. #9.)

Petitioner's 2006 Petition has no bearing on the Court's timeliness analysis. By AEDPA's express terms under § 2244(d)(2), the one-year limitation period is only tolled during the pendency of "a properly filed application for *State* post-conviction or other collateral review." 28 U.S.C. § 2244(d)(2) (emphasis added). Section 2244(d)(2) does not toll the limitation period while a *federal* habeas petition is pending. *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001). Further, the pending action cannot "relate back" to the 2006 Petition because that action was dismissed. *See Rasberry v. Garcia*, 448 F.3d 1150, 1155 (9th Cir. 2006) ("a habeas petition filed after the district court dismisses a previous petition without prejudice for failure to exhaust state remedies cannot relate back to the original habeas petition"); *Dils v. Small*, 260 F.3d 984, 986 (9th Cir. 2001). Moreover, Petitioner does not qualify for the very narrow exception to this "relation back" rule because the 2006 Petition was *properly* dismissed. Even if the current FAP *could* relate back to the 2006 Petition, the FAP is still time-barred because the 2006 Petition was filed after the statute of limitations period had already expired.

### D. Alternative Start of the Statute of Limitations

#### 1. State-Created Impediment

In rare instances, AEDPA provides that its one-year limitation period shall run from "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action." 28 U.S.C. § 2244(d)(1)(B).

---

[6/] (...continued)
U.S.C. foll. § 2254; and Local Rule 72-3.2.

Asserting that the statute of limitations was delayed by a state-created impediment requires a showing of a due process violation. *Lott v. Mueller*, 304 F.3d 918, 925 (9th Cir. 2002). Petitioner's filings do not set forth any facts that show he is entitled to relief under this provision.

### 2. Newly Recognized Constitutional Right

AEDPA provides that, if a claim is based upon a constitutional right that is newly recognized and applied retroactively to habeas cases by the United States Supreme Court, the one-year limitation period begins to run on the date which the new right was initially recognized by the United States Supreme Court. 28 U.S.C. § 2244(d)(1)(C). Petitioner's filings do not set forth any facts that show he is entitled to relief under this provision.

### 3. Discovery of Factual Predicate

AEDPA also provides that, in certain cases, its one-year limitation period shall run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). Petitioner's filings do not set forth any facts that show he is entitled to relief based upon a late discovery of the factual predicate.

## E. Equitable Tolling

As a prefatory matter, the Court observes there is no clearly established federal law that expressly holds equitable tolling is available under § 2244(d)(1), and the Supreme Court has recently acknowledged this point. *Lawrence v. Florida*, 549 U.S. 327, 127 S. Ct. 1079, 1085 (2007) ("We have not decided whether § 2244(d) allows for equitable tolling. [ ] Because the parties agree that equitable tolling is available, we assume without deciding that it is").

"Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. Diguglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807 (2005). A petitioner bears the burden of alleging facts that would

give rise to tolling. *Id.*; *Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002). The Ninth Circuit has emphasized that determinations of "whether there are grounds for equitable tolling are highly fact-dependent." *Whalem/Hunt v. Early*, 233 F.3d 1146, 1148 (9th Cir. 2000) (en banc). "[E]quitable tolling is justified in few cases," and "the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003). Petitioner's filings do not set forth any facts that show he is entitled to equitable tolling.

## ORDER

Based upon the foregoing, the Court finds the FAP, Memorandum, exhibits, and relevant state court records indicate it is untimely. Accordingly, Petitioner shall have until **February 16, 2009**, to file a written response and show cause why his FAP should not be dismissed with prejudice because it is time-barred. In responding to this Order, Petitioner must show by declaration and properly authenticated exhibits what, if any, factual or legal basis he has for claiming that the Court's foregoing analysis is factually or legally incorrect, or that AEDPA's one-year statute of limitations should be tolled, or the start date extended. If Petitioner contends he is entitled to tolling because of a lack of access to the prison law library due to a purported lockdown or some other state-created impediment, his written response must be supported by a declaration from the warden or prison librarian verifying that the law library and library materials were unavailable throughout the relevant time period because of the lockdown or other stated reason. Further, Petitioner must demonstrate that, during the time that access to the prison law library was allegedly unavailable, he made requests for legal materials to be brought to his cell and those requests were denied.

///

///

1 | Petitioner is warned that if a timely response to this Order is not made,
2 | Petitioner will waive his right to do so and the Court will, without further notice,
3 | issue an order dismissing the FAP, with prejudice, as time-barred. Further, if
4 | Petitioner determines the Court's above analysis is correct and the FAP is clearly
5 | time-barred, he should file a Request For Voluntary Dismissal of this action
6 | pursuant to Fed. R. Civ. P. 41(a)(1) in lieu of a response to this Order.

8 | IT IS SO ORDERED.

10 | DATED: January 26, 2009

ARTHUR NAKAZATO
UNITED STATES MAGISTRATE JUDGE